OLEGARIO TORRES, Appellant, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 11. Argued April 14, 1937.—Decided April 22, 1937.

*Benigno Dávila* for appellant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Olegario Torres was injured while working for the Compañía Azucarera del Toa, on Friday, October 8, 1936. On the 12th of the same month he appeared for the first time be-

fore Dr. Ramón L. Rodríguez, physician of the State Insurance Fund, to receive medical treatment. The doctor required from him a document setting forth the facts of the accident, and the injured workman came to see him again on October 13, on which date Doctor Rodríguez sent him to the Industrial Clinic of the State Insurance Fund, where he began to receive treatment on the 15th of the same month.

On December 8, 1936, the Manager of the State Insurance Fund rendered his decision denying Torres the right to receive compensation on the ground that the injured workman appeared to request medical treatment seven days after the accident, without giving a satisfactory explanation for his delay. An appeal was taken from that ruling to the Industrial Commission which affirmed the same and also refused to reconsider its own decision. The review and reversal of said decision is sought by the present appeal.

■■ The only error attributed to the Industrial Commission and which deserves attention is *that of having decided that the five days referred to in section 5 of Act No. 45 of 1935 (Sess. Laws, p. 250) must be computed from the date of the accident to the day on which the laborer began to receive medical treatment.*

Said section, in its pertinent part, reads as follows:

"The refusal or objection of a workman or employee, without just cause, to submit to the medical examination or professional treatment provided by the Manager shall deprive him of his right to receive compensation under this Act or to institute or prosecute proceedings hereunder to recover such compensation; *Provided,* That should the workman or employee fail to present himself to the physician for professional treatment within a period of not more than five (5) days after the accident occurs, and fails to explain his delay satisfactorily to the Manager, the said Manager may deprive him of his right to receive any compensation, but under no circumstances can the workman or employee be denied such medical attendance as, in the judgment of the Manager, may be deemed necessary in endeavoring to bring about his complete recovery; *And provided, further,* That in order to appreciate and verify the disability affecting a work-

man or employee, the Manager may compel the personal appearance of the injured person at the expense of the State Fund."

The language of the statute is so clear that no great effort is necessary to discover the intention of the lawmaker. An injured laborer who desires to receive compensation must appear before a doctor for examination or treatment within five days following that of the accident. If he fails to do so, the Manager of the State Insurance Fund may refuse to allow him compensation.

In the instant case, it appears that the laborer went to the doctor for treatment within the five days following that of the accident, but he demanded from him not to report the accident. The doctor refused to accept these conditions and the injured laborer left without receiving any treatment. When he at last received medical treatment, on October 15, 1936, the legal period had already expired.

We have carefully studied the findings of fact set forth in the decision of the Commission, and we do not find that the contention that the Manager of the State Fund abused his discretion in refusing to allow compensation to the appellant is justified. An injured workman must appear before a doctor for examination or treatment, within the period fixed by law, and without imposing any conditions on the doctor with respect to compliance with his professional duties.

The decision appealed from must be affirmed.